# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Foos Mahamed Mahamud,<br><br>                Plaintiff,<br><br>v.<br><br>Department of Homeland Security, Citizenship & Immigration Services, Nebraska Service Center of USCIS/DHS, Jefferson B. Sessions III,[1] James McCament, Acting Director,[2] and Mark Hazuda,<br><br>                Defendants. | Case No. 16-cv-2609 (JRT/HB)<br><br>**REPORT AND RECOMMENDATION** |

Obi E. Chukwu, Paschal Nwokocha Law Offices, LLC, 105 Fifth Avenue South, Suite 550, Minneapolis, MN 55401, for Foos Mahamed Mahamud

Hans H. Chen, United States Department of Justice, Civil Division Office of Immigration Litigation, District Court Section, P.O. Box 868, Washington, DC 20044, for Department of Homeland Security, Citizenship & Immigration Services, Nebraska Service Center of USCIS/DHS, Jefferson B. Sessions III, James McCament, and Mark Hazuda

HILDY BOWBEER, United States Magistrate Judge

---

[1] Jefferson B. Sessions III, is now the Attorney General of the United States. Pursuant to Federal Rule of Civil Procedure Rule 25(d), Jefferson B. Sessions III is substituted for Loretta Lynch as the Defendant in this action.

[2] James McCament is now the Acting Director of U.S. Citizenship and Immigration Services. Pursuant to Federal Rule of Civil Procedure Rule 25(d), James McCament is substituted for Leon Rodriguez as the Defendant in this action.

Plaintiff, a naturalized citizen, has brought suit seeking an order requiring the Department of Homeland Security to correct the date of birth shown on her naturalization certificate. This matter is before the Court on Defendants' Motion to Dismiss [Doc. No. 9], which was referred to the undersigned for a Report and Recommendation under 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a) [Doc. No. 9]. For the reasons set forth below, the Court recommends granting Defendants' motion to dismiss.

**I.     The Complaint**

The relevant facts, as alleged in the Complaint, are as follows.[3] Plaintiff is originally from Somalia. (Compl. ¶ 1 [Doc. No. 1].) When she applied for U.S. citizenship, she stated, and at the time believed, that her date of birth was December 10, 1977. She was naturalized on February 17, 2010, and she received a certificate of naturalization identifying the year of her birth as 1977. (*Id.* ¶¶ 6, 14 & Ex. E.) Around March 7, 2012, Plaintiff discovered her birthdate was incorrect. (Compl. ¶ 6.) Her mother informed her that she was born on December 10, 1986, not December 10, 1977. (Compl. ¶ 6.) Plaintiff then filed a petition and affidavits of birth with the United States Citizenship and Immigration Services ("USCIS"), seeking to correct the birthdate on her naturalization certificate. (Compl. ¶ 6.) On November 28, 2012, Defendants denied the application to change her birthdate on her naturalization certificate, stating that under 8 C.F.R. § 338.5(e), Plaintiff "failed to establish that a clerical error was made in

---

[3] Generally, in considering a motion to dismiss under Rule 12(b)(6), the Court considers only the facts alleged in the complaint. Courts do not convert motions to dismiss based on 12(b)(1) to summary judgment motions based on the presence of outside evidence, *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

preparing a certificate or that your date of birth does not conform to the facts as shown on your original application of naturalization." (Compl. ¶ 7.)

Plaintiff subsequently petitioned in Minnesota state court to amend her birth record to 1986. (Compl. ¶ 7.) The Hennepin County District Court took Plaintiff's testimony and reviewed her submitted evidence and records. (Compl. ¶ 7.) The court then issued an order changing the year of her birth for state records, but could not issue an order directing the federal government to amend her records or naturalization certificate. (Compl. ¶ 7.)

On April 11, 2014, the Nebraska Service Center of USCIS issued a decision denying her application to amend her naturalization certificate for the same reasons as the March 7, 2012, denial. (Compl. ¶ 7.)

## II. Discussion

On November 14, 2016, Defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants argue Plaintiff has failed to state a claim for two reasons. First, they argue the Court has no authority to amend her naturalization certificate. Second, they argue the USCIS did not act arbitrarily or capriciously when it denied her request to amend her naturalization certificate.

### A. The Court's Authority to Amend Naturalization Certificates

The crux of this motion concerns whether this Court has the authority to amend, or to require the Department of Homeland Security to amend, her certificate of naturalization. Prior to 1990, district courts had jurisdiction to order certificates of naturalization, as well as to correct, reopen, alter, modify, or vacate naturalization

3

certificates. *See* 8 U.S.C. § 1451(i) (1990). In 1990, Congress transferred naturalization authority from the judiciary to the executive branch. 8 U.S.C. § 1421(a). Courts continue to retain jurisdiction to amend naturalization certificates issued before October 1, 1990, pursuant to Federal Rule of Civil Procedure 60.

After October 1, 1991, some federal courts continued to amend naturalization certificates pursuant to 8 C.F.R § 334.16(b). Section 334.16 was abolished in 2011, however. *See* 76 Fed. Reg. 53764, 53768–69 (Aug. 29, 2011) (effective Nov. 28, 2011).

Defendants argue that federal courts cannot amend naturalization certificates issued after October 1, 1991. Only two Circuit Courts of Appeal have reviewed this question, and both have agreed with Defendants' position and held that courts cannot amend naturalization certificates issued after that date. *See Teng v. Dist. Dir., U.S. Citizenship & Immigr. Servs.*, 820 F.3d 1106, 1110 (9th Cir. 2016) ("We agree with our colleagues in the Tenth Circuit that, "when Congress ended the jurisdiction of district courts to naturalize aliens, it necessarily ended the jurisdiction to exercise powers derivative of the power to naturalize, including the power . . . to modify naturalization documents."); *McKenzie v. U.S. Citizenship & Immigr. Servs.*, 761 F.3d 1149, 1156 (10th Cir. 2014).

The USCIS can amend naturalization certificates under 8 C.F.R. § 338.5, which provides:

> (a) Application. *Whenever a Certificate of Naturalization has been delivered which does not conform to the facts shown on the application for naturalization, or a clerical error was made in preparing the certificate, an application for issuance of a corrected certificate may be filed, without fee, in accordance with the form instructions*.

4

(b) Court-issued certificates. If the certificate was originally issued by a clerk of court under a prior statute and USCIS finds that a correction is justified and can be made without mutilating the certificate, USCIS will authorize the issuing court to make the necessary correction and to place a dated endorsement of the court on the reverse of the certificate explaining the correction. The authorization will be filed with the naturalization record of the court, the corrected certificate will be returned to the naturalized person, and the duplicate will be endorsed to show the date and nature of the correction and endorsement made, and then returned to USCIS. No fee will be charged the naturalized person for the correction.

(c) USCIS–issued certificates. If the certificate was originally issued by USCIS (or its predecessor agency), and USCIS finds that a correction was justified, the correction shall be made to the certificate and a dated endorsement made on the reverse of the certificate.

(d) Administrative actions. When a correction made pursuant to paragraphs (b) or (c) of this section would or does result in mutilation of a certificate, USCIS will issue a replacement Certificate of Naturalization and destroy the surrendered certificate.

(e) Data change. *The correction will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.*

Here, the facts fall under 8 C.F.R. § 338.5(e). Plaintiff alleges that her date of birth is not the date of birth she gave when applying for naturalization. Defendants argue they therefore have no authority to change her naturalization certificate, and that this Court cannot amend her naturalization certificate because it was issued after 1991, when the Court's power to amend was taken away by statute.

Plaintiff cites several cases, including three from this District, in which courts have amended a naturalization certificate. Defendants successfully distinguish all of them, however. Each case was either (1) filed before 8 C.F.R § 334.16(b), the statute that gave the courts jurisdiction over naturalization certificates, was repealed, or (2) amended

5

a naturalization certificate issued before October 1, 1991, the effective date of the 1990 Immigration Act. *See In re Matter of Mebrahtu Yakob Weldeabzghi*, 11-cv- 03087 (D. Minn. Feb. 27, 2013); *Boiko v. Holder*, 2013 WL 709047 (D. Colo. Feb. 26, 2013); *Hussain v. United States Citizenship and Immigration Servs.*, 541 F.Supp.2d 1082 (D. Minn. 2008); *Nguyen v. U.S. Dep't of Homeland Sec.*, No. 06-118, 2007 WL 2156649, at *4 (N.D.N.Y. July 25, 2007); *In re Lee*, No. 06-80150, 2007 WL 926501, a *3 (N.D. Cal. Mar. 26, 2007); *Kouanchao v. USCIS*, 358 F. Supp. 2d 837, 839-40 (D. Minn. 2005); *Varghai v. INS, Dist. Dir.*, 932 F.Supp. 1245, 1247 (D. Or. 1996).

Though the Eighth Circuit has not ruled on this issue, the reasoning of the two Circuit Courts of Appeals decisions cited by Defendants is persuasive. Both express sympathy for those seeking to amend their certificates of naturalization, but conclude after a careful review of the law that because the certificates were administratively, not judicially granted, the court is without the authority to act. In *Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigration Servs.*, 820 F.3d 1106, 1107 (9th Cir. 2016), the plaintiff was unable to obtain a driver's license because of discrepancies between her naturalization certificate and her Taiwanese passport/student visa with respect to her birthdate. *Id.* at 1108. The Ninth Circuit Court of Appeals lamented the "labyrinthine set of laws and regulations that have made it impossible for her to" amend her birthdate on her naturalization certificate, and stated that if it could modify the plaintiff's naturalization certificate, it would. *Id.* at 1107. But based on its review of 8 C.F.R § 334.16(b) and 8 C.F.R. § 338.5(e), the court reluctantly concluded it did not have subject matter jurisdiction to do so. *Id.* at 1107-08, 1110-11. The Ninth Circuit

6

concluded by noting that the plaintiff could "pursue other avenues of relief, such as a private congressional bill, congressional reform, or an administrative or constitutional challenge." *Id.* at 1112.

The Ninth Circuit's decision in *Yu-Ling Teng* relied on an opinion issued by the Tenth Circuit two years earlier. In *McKenzie v. U.S. Citizenship & Immigration Servs., Dist. Dir.*, 761 F.3d 1149 (10th Cir. 2014), the plaintiff was able to get his Canadian birth certificate corrected, but the Tenth Circuit held it did not have jurisdiction to amend the birth date on his U.S. naturalization certificate. *Id.* at 1152. The Tenth Circuit distinguished the *Hussain* case from this District, noting that in *Hussain*, which was decided before the repeal of 8 C.F.R § 334.16, the USCIS had conceded the court had jurisdiction under 8 C.F.R § 334.16(b). *Id.* at 1157-58. In *McKenzie*, however, as here, the certificate was issued after 1991, and the USCIS has not conceded jurisdiction under 8 C.F.R § 334.16(b). *Id.* at 1158.

Like the courts in *McKenzie* and *Yu-Long Teng*, this Court is sympathetic to Plaintiff's plight, which, taking the allegations of the Complaint as true, came about through no fault of her own. But based on the statutory language and the persuasive reasoning of the two Courts of Appeals to have considered the issue, the Court must recommend that the District Court conclude it does not have jurisdiction to take the action Plaintiff asks of it.

### B. Whether 8 C.F.R. § 338.5 is Arbitrary or Capricious

Courts may invalidate agency regulations only if they are arbitrary, capricious, an abuse of discretion, or not in accordance with the law. 5 U.S.C. § 706(2)(A). A plaintiff

7

has the burden to show that regulations, promulgated pursuant to a notice and comment procedure, are without rational support. *See First Nat'l Bank v. Smith*, 508 F.2d 1371, 1376 (8th Cir. 1974).

Defendants argue that the bright line rule incorporated in 8 C.F.R. § 338.5 encourages honesty in the naturalization process. As the Supreme Court has previously stated, "Acquisition of American citizenship is a solemn affair. Full and truthful response to all relevant questions required by the naturalization procedure is, of course, to be exacted, and temporizing with the truth must be vigorously discouraged." *Costello v. United States*, 365 U.S. 265, 269 (1961) (quoting *Schneiderman v. United States*, 320 U.S. 118, 123 (1943)). Moreover, the administrative history leading to the enactment of 8 C.F.R. § 338.5 states that

> The purpose of [these regulations] is threefold: to create a logical and more concise approach to the issues of citizenship eligibility; to incorporate those definitions and accepted principles of substantive and procedural naturalization law that the INS will apply in making its determinations; and to achieve greater consistency in decision making by clarifying INS practices and procedures for the benefit of both the public and Service personnel.

Rules and Regulations, Department of Justice, Immigration and Naturalization, Administrative Naturalization, 56 F.R. 50475-01, 1991 WL 198206 (F.R.).

Defendants further argue that while 8 C.F.R. § 338.5 prevents individuals who may have made innocent mistakes in completing their naturalization application from subsequently amending their birth year, the Court "cannot condemn as arbitrary and capricious [an agency's] decision to sacrifice some case-by-case precision in favor of a

regime that is relatively easy to administer and promotes nationwide uniformity." *Macon Cty. Samaritan Mem'l Hosp. v. Shalala*, 7 F.3d 762, 768-69 (8th Cir. 1993).

Finally, the facts in this case are similar to those in which a court in this District found the enactment of 8 C.F.R. § 338.5 was not arbitrary or capricious. In *Brifki v. Rodriguez*, the plaintiff petitioned the USCIS to issue an amended certificate of naturalization reflecting his true birthdate. No. 13-cv-3580 (RHK/LIB), at 2 (D. Minn. Dec. 19, 2014), *R. & R. adopted*, (D. Minn. Jan. 7, 2015). The USCIS denied the plaintiff's requests because the plaintiff did not establish that there was a clerical error when preparing his naturalization certificate, so the plaintiff filed an action in federal court. *Id.* The plaintiff did not argue that USCIS's enforcement of 8 C.F.R. § 338.5 was arbitrary and capricious, but instead argued that the enactment of that regulation was arbitrary and capricious. *Id.* at 6 n.1. The court found that:

> The record indicates that the enactment of 8 C.F.R. § 338.5 was far from arbitrary and capricious; rather, the enactment was rational and involved consideration of important policies. The Government's naturalization policies and procedures – including Section 338.5 – have a declared, rational interest in national uniformity and finality in issuing naturalization certificates.

*Id.* at 9.

Here, as in *Brifki*, Plaintif argues the enactment of 8 C.F.R. § 338.5 was arbitrary and capricious because, in situations where the agency concedes the individual's true age is not accurately reflected on the certificate, 8 C.F.R. § 338.5 is inconsistent with 8 U.S.C. § 1449, which, she contends, requires that certificates of naturalization contain a personal description of the naturalized person. But the Court agrees with the court in

9

*Brifki* that there is no contradiction between 8 C.F.R. § 338.5 and 8 U.S.C. § 1449. *Id.* at 10. Section 1449 merely requires that a naturalization certificate contain the age of the naturalized person; it does not prescribe the process by which the USCIS determines or corrects age. Moreover, Defendants do not concede that the year of birth on Plaintiff's naturalization certificate is incorrect.

Because rational support exists for the regulation, the Court declines to recommend a finding that it is arbitrary and capricious.

## III. Recommendation

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss [Doc. No. 9] be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Dated: May 9, 2017    s/ *Hildy Bowbeer*
                     HILDY BOWBEER
                     United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.